Good morning, Your Honors. May it please the Court, my name is John Mirandus of Lake Oswego, Oregon. I represent Kyung Ho Shin and Jin Hee Shin. I'd like to reserve three minutes for rebuttal. The key facts, Your Honors, in this case, this case is different from other sous terre cases. In this case, Ms. Lee, my client's mother, her aid number appeared on the list. After she became a permanent resident, she petitioned for her children. She filed an I-130 petition with the Nebraska Service Center. That petition was approved. Visa numbers were not available for the category of unmarried sons and daughters, and so they had to wait approximately eight or nine years. They waited for the visa numbers, and finally the case was transferred to the consulate in Seoul, Korea, where my clients made applications for immigrant visas. They were interviewed. They submitted all forms, fees. In fact, I think Jin Hee Shin was interviewed a second time, submitted additional affidavits of support, and they were issued immigrant visas. And I'd like to point the Court's attention to administrative record, pages 810 and 948. These are their immigrant visas. They have IV and a number, the immigrant visa numbers at the top. If you turn to the page following those immigrant visas, the page contains a certification from the consular officer that says, I certify based on all available information that this applicant is entitled to the immigration document to which the application has been made, stamped, signed by consular officer. These were the visas that were presented at the port of entry. They're stamped in Seattle by U.S. Immigration, and they were then admitted. There's no fraud, no knowledge on the part of the Shins. There was no fraud and no knowledge on the part of their mother, Mrs. Lee. The fraud charges were withdrawn in both cases, in this case and also in their mother's case, which was separate from this one. I take it there's no evidence that the two children had any awareness of the difficulty or problems that their mother had in getting her visa? That's correct, Your Honor. Then building on that, assuming that's true, and I don't see it in the record otherwise unless the government can show it, these were adult people. They're in the late 20s, early 30s. I assume that they didn't have to be hand-carried on this one. So you get to that position. I want you to assume also, for the sake of this argument, that the immigration papers that the mother received are invalid. The children are coming over based upon the status of the mother, and the statute recalls who is in possession of an immigration visa may. Doesn't that wording of that presume that it's a valid immigration visa? That is, if you take the position that what they got was really nothing because their mother giving it to them had nothing to give, that was invalid, then the question comes up in my mind, and I don't have an answer to this, which is why I want your help on it, that it strikes me that the paragraph in 5A or 7A1, the possession of an immigration visa means a valid visa. And doesn't that indicate that perhaps their visa was not a valid visa because it was based upon, came from not their fraud, but the fraud upon which came. So they got nothing from their mother. Could you respond to that, please? Yes, Your Honor, and that's a good point. Without waiving, of course, our other arguments that, you know, the visa was valid, Section 212A7A1 actually states somebody who is not in possession of a valid unexpired immigrant visa can therefore be inadmissible. But as you read further in that section, you know, there is the K waiver. And if you read the language in the K waiver, it, Congress has intentionally not included the words valid, unexpired in front of immigrant visa. It just says someone who is in possession of an immigrant visa. And so we ask the Court to just look at the plain language of that statute and compare it to, it's basically an exception to the finding that someone could be inadmissible if they don't have this valid visa. If we, if we, I understand your argument. It's a valid argument. If we accept that argument, though, then we would have to say that any immigrant visa is good enough. That is, you find one not made out on the street, but you have one. It's an immigrant visa. It doesn't have to be valid. You just have to have an immigrant visa. That doesn't, the tail end of following your argument is what bothers me. I think that's where the issue of the definition of what is an immigrant visa comes in. If you look at 11-101, I think it's A-16, but it defines immigrant visa as one that is properly issued. And here we have a visa that was properly issued. So you're reading properly issued not to go to the underlying potential defects, but to be procedural in nature. We used that phrase in an earlier case. But having gone through the correct process and it's genuinely issued by the United States government, the document itself is not a counterfeit and all of those things. Yes, absolutely. Otherwise ---- It would be an immigrant visa through the council and not a fraudulent visa by some visa factory overseas, for example. Right. The visa off the streets, for example. Sure. But if you're going to read in properly issued, why wouldn't the government have a right to read in valid immigrant visa? That is, what would be the basis upon which we would identify this language one way or the other? Congressional intent to create Section 212K waiver, and that was to provide relief from certain defects that are not the fault of a noncitizen. And those certain defects are defects under 5A, which is a lack of a proper labor certification, or 7A1, which is a lack of a valid, unexpired immigrant visa. So I think that issue is taken care of by the underlying inadmissibility ground. You have to be ---- the other thing is there's, as I read it, there's one more requirement. You have to be otherwise admissible except for, and then it kinds to circle back, the inadmissibility because of your visa. So that further restricts the group of people who might be eligible for the waiver, doesn't it? I think the government will argue that, but I think if you look at just the plain meaning of otherwise admissible, we take that to mean not inadmissible under any other ground. That was my point. I'm just saying, if you're not inadmissible for other reasons, that still cuts out a group of people who wouldn't even be able to get into this box, maybe not your client, but who might be inadmissible for some other reason, legal. I think if you're inadmissible, let's say, for example, committing a crime, you would not be eligible for a 212K waiver because then you'd have another inadmissibility ground that would ---- Or you might have some bar, a statutory bar, for example, from some prior immigration antics, and that would make you otherwise inadmissible, correct? Perhaps. I think if you're not on one of the 212 or 1182 bars, then you would be otherwise admissible. And then even if your client ---- even if we rule in favor of your client, it's not yet the end of the road, right? That's correct. That's correct. We're asking for a remand for the issue of whether they knew or could have ascertained in reasonable diligence. I just wanted to point out, I know I'm running shorter on time here, that the cases ---- you know, the 212K cases, Aurelio from the BIA, they allowed a 212K application where the petitioner died and the petition was automatically revoked. Seneca, this Court in the Seneca case allowed a 212K waiver where the principal family member was not lawfully admitted. And so there was a defect in that person's case, but they did allow the 212K. They did ---- this Court didn't grant it, but they did allow it. In Mayo, the Eighth Circuit allowed a 212K application where someone's marriage was ---- where they applied and they thought they were not married, but they really were, and they allowed the 212K and actually granted it in that case. And then finally, the Singh case, more recently, the Sixth Circuit, discussed the 212K waiver because it was a fraud charge. The person was not otherwise admissible, and therefore, the Court said it's going to ---- they would like to remand the case to allow further consideration of withdrawal of the fraud charge and an application under 212K. Counsel, ordinarily, we kind of look to the Board to give us some help on this. I take it the Board has not yet defined what that means? Other than this unpublished BIA opinion that's under review, Aurelio seems to be the landmark 212K case. And they did allow a 212K where that underlying petition was automatically revoked. And to my knowledge, there was no other basis for that person to immigrate. So when we have confusion of language from the statute, which there is, both sides make a good argument of what it really should mean, why wouldn't we defer it to the Board and send it back to the Board to give a definition that we can then have some feeling that we're doing what we ought to be doing rather than deciding this on our own? I think because the plain language of the statute is clear and we ask this Court to look at the plain language. See, but you look at the plain statutory language and go one way. The government goes the other way, which indicates to me maybe it's not as plain as we'd hoped it would be. But you do not agree with the idea that we ought to listen to the Board first because it's their statute. Under Chevron deference, they could help us out a little bit. You don't agree with that? I don't, Your Honor. Well, I assume there's no Chevron deference because we have an unpublished decision at this point, so we wouldn't. At best, we'd have Skidmore deference, right? That's my understanding, Your Honor. Thank you. Thank you. We'll hear from the government. May it please the Court. I'm Lindsay Williams and represent the Respondent in this matter. I just wanted to check very quickly. Speaking to the microphone. You lost the microphone. Sorry. Excuse me. Thanks. I'm trying to read and talk at the same time. Okay. First of all, with respect to the removability, the government, again, believes that a reasonable adjudicator could find that the Shens were removable because they lacked valid entry documents. The record contains clear and convincing evidence that the Shens' mother obtained her LPR status improperly through the Suster scheme, that Suster issued Lee's green card, which is the mother, in return for a bribe, that, and I think this is the most telling, that her green card, again, like most of the green cards, was based upon a fake visa that characterized her as a spouse of a skilled worker. Again, this is a situation where her husband was not a skilled worker and he never came to the United States. And then all of the other evidence that was submitted, Suster's testimony and INS agent's testimony. What was the reason that this person was denied admissibility? Because of invalid visa document? The Shens were, well, they were charged as removable for being inadmissible, and it was the same charge as in the Kim case, that they lacked valid entry documents, that they lacked a valid. But isn't the whole point of the 212k waiver to make possible the possibility of a waiver where your entry documents are invalid? I mean, that's what it says. Yes, but in particular situations. First of all, we have to turn to the first reason that the Board denied the 212k waiver, which is the fact that these Petitioners were charged under as removable, not as inadmissible. And the Board held that 212k only applies to inadmissibility, not to deportation or removability. If you look to – there's language in ABB, and if you'll give me one second, I can find it, where they said – excuse me for taking so long. I should have marked it. Anyway, I don't want to take all my time with this. But in ABB, it clearly says that 212c relief, which the Petitioners have likened to 212k relief, applies only in situations where aliens are deportable, not excludable or excludable, not deportable, and that that separation is an acceptable separation. So in this case, these Petitioners were charged as being removable. So they cannot – But they're removable because of their inadmissibility. Correct. But they're – but under 2 – they were charged under 237, which is the removability statute. Under 237, there is a waiver that they could have applied for that would have applied to them in removal proceedings. But a 212k waiver of inadmissibility does nothing to stop removal. It seems circular, though, because the reason for removal was that the visas were invalid. And so if there were a waiver, the visas would be allowed to be effective, even if they had been invalid. That's why it all seems to sort of fold in on itself. Well, I mean, I think that's why you have to look at – the truth of the matter is this is a situation that the Court hasn't seen before. This is not a situation where you have a Petitioner who has made a mistake on a visa, who unknowingly included information on a visa, or who fraudulently included information on a visa. This is a situation where at the core, at the base of the entire visa green cards that the shens received, you have, again, a green card that was created out of thin air. There was nothing behind it. And I think the situation – These individuals really, for the purpose of this argument anyway, are innocent bystanders to that. They were not the ones who engaged in fraud. But unfortunately, it doesn't change the fact that they do not have a valid visa or a valid green card, because there was nothing to base their valid visa or green card on. I know, but the whole point is, in terms of eligible – they might decide ultimately that they shouldn't get a waiver, but it seems to me that the statutory grounds basically say, if you have an invalid visa, but you're otherwise admissible, just in the abstract, then you would be potentially eligible. You are eligible. You may or may not get it. So these people had an invalid visa, correct? Correct. So is there anything else that made them inadmissible? Well, we don't know. I mean, there's nothing that – Is there anything else charged? I mean, there's – No. They have not been charged with any other ground of admissibility. So why don't they fit right in the statute? Now, they may be different in the end as to whether you want to exercise discretion and give them a waiver. They might be different than the person who had it digit off or some other thing. But in terms of statutory construction, I'm having some trouble understanding why invalid visa doesn't simply mean invalid visa. Well, I think, Your Honor, it goes back to the argument before, which is, unfortunately, because this is a unique situation, it's – their visa is based upon thin air. No, but, you know, see, the – But why the statute? Because we haven't seen it before and it's unique. They, therefore, don't fit in the statute. Well, they don't fit into the statute. Okay. Because they don't just have an invalid visa. Their visa was based upon something that – upon a woman that was not in the system at all. But where in the statute does all that come in? That's what I'm trying to understand. Well, we look at 212K, we look at the language of the statute, and we look at situations where 212K has been applied. It's not been applied in – for instance, let's look at the Seneca case. If we look at the Seneca case, yes, there, this Court applied 212K, but it wasn't argued that 212K wasn't applicable in that situation. So they turned to whether or not 212K waiver of inadmissibility is applicable to a situation where you have fraud. Well, no, it's not applicable to a situation where you have fraud. Okay. Where do we know that it has been used? It's been used when it's a situation – the one example that we gave in our brief, which is, let's say I apply for an immigrant visa overseas. I'm on a boat. I come over. By the time I get here, the person that I used to apply for my visa has died, and I didn't know. That's a situation where 212K is used, and it's used when I get charged as inadmissible. So I come to the border. I give you my visa. You say, wait a minute, this person's died, or you don't know at that time. And later on, we find out. But it was something that was innocent. It was an innocent technical mistake. Here we have a situation. Well, but with respect to the – I guess that's what bothers me about this, because with respect to the individuals who are in front of the court, they are innocent, at least insofar as this record shows. Well, I mean, their mother's visa was based upon her being the spouse of a skilled worker, and that fact is in the record. And they were not small children when they applied to get their visas, based upon their mother's visa. But there's no evidence that they are aware of the improper way their mother got into the country. I think that's the point. Should they be – should the sins of the parents be visited on the children? Well, in this court, they have been. I mean, in Seneca, they were. Let me ask you. Usually I'm looking to see if there's a line jumper involved, because those bother me. We have a lot of good people out there waiting in line. These people stood in line. Was it seven years they stood in line waiting? There's no indication they were line jumpers in that regard. But your example that you give on page 24 of your brief seems to be rather narrow. Could you give us another example that might be a little broader? I mean, it's not going to happen very often. A person is going to die while they're flying here. Another example could be if I apply as an unmarried daughter of an LPR. Yeah. And it turns out I'm married, but I didn't know I was married. That's a hard example to think of. No, it isn't. There's a case on that. But you mean if you said you're unmarried, but, in fact, you have been married. And I thought that it was null and void, but it wasn't null and void. Let's say I thought I had annulled the marriage, and for all intents and purposes it didn't exist anymore, but really I didn't go through all the legal paperwork I needed to go through. It turns out I still am married. Okay. Let me ask you one other question that I ask your adversary. It strikes me that the board hasn't given us any help on this, and you read the statute inserting a one word. Your adversary reads the statute and inserts a different word, and the case comes out differently depending on which word you want to insert, whether you're going to insert properly issued or valid immigration visa. Why wouldn't we remand this to the board? They have responsibility for the statute. But if I understand correctly, these folks aren't in jeopardy of being shipped back to Korea. They're here. The government, I would think, would want to find an answer to this question so that we don't have to have this case again. Now, we can decide what we think the statute says or ought to say by our interpretation, but what's wrong with letting the board take a look at it and tell us what they think? Well, two answers to your question, Your Honor. The first one is that the court need not forget that there is another ground of denying inadmissibility, which is that 212K is not applicable to someone that's been charged in removal, with a removal charge instead of an inadmissibility charge. So that's separate and apart from the matter that you're referring to. With respect to the matter that you're referring to, it's the government's position that the court should remand to the board to allow the board. If the court disagrees with what the board has found, that the court should remand to the board to allow them to either clarify the issue or to determine whether or not they are deserving of a discretionary waiver. In other words, we could hold on to this case ourselves and keep it open. We could, in case there's any difficulty with these two individuals leaving the country, we can hold that in abeyance and then have it come back to us, and then we'll make the decision. We can do that? No, Your Honor. Under Ventura, you would have to remand. And normally in proceedings in this Court, we do not hold the cases in abeyance. We dismiss the cases and remand them to the board. And this would not be a Ventura situation because the board not only had an opportunity to decide the issue, but did decide the issue. So it's not really a Ventura problem, but we do have cases saying that we don't  Yes, Your Honor. for the court than the BIA anyway. So what is your argument in favor of giving the board a second chance to explain itself? I see I'm over my time. Please answer. I just wanted to respond to you. First of all, with respect to the Ventura issue, that is, you're right, Your Honor, that would be a remand to determine whether or not they are deserving of a waiver as a matter of discretion. With respect to your question, yes, it would be Skidmore deference. It's an unpublished opinion. It didn't cite to any precedential opinions. And it's the government's position that, in the first instance, they're not eligible because they were not charged as inadmissible. And secondly, there is no ground of admissibility at all. This is a unique situation. I know I keep repeating myself, but it's the truth. This is a unique situation where even the basis, it's not that there was one flaw. It's that the entire foundation of their immigration visa didn't exist. Thank you, counsel. Thank you. Mr. Morandis, I don't know if you used your time, but you can have a metaphor about if you did use it. Thank you. I appreciate that. I just wanted to point out that, you know, although they were charged with deportability, the SHINs were, you know, that was based on an inadmissibility ground. And in the Seneca case, the Ninth Circuit, actually that case was a deportation proceeding where the aliens were excludable at entry, so very much the same situation. And in that case, a 212K application was allowed. The regulations also provide for renewing or applying for a 212K before an immigration judge. The SHIN status was not based on thin air. It was based on a valid process, a valid petition process and visa applications. Other cases where people have lied to get their visas were if you look at the Singh case where the father used the visa in the name of his deceased cousin, in that case that's the case where they're remanding for a 212K application because the children had no knowledge of that. And so it's not just to fix innocent technical defects. It really boils down to whether you fit the requirements of the statute and whether or not there's knowledge of those technical defects. And that was the purpose for this. Congress enacted it for individuals like the SHINs, for good people, for innocent people who come to the United States but have this problem because there's some kind of a defect in their visa. As the court said in Seneca, there are no games being played here. The SHINs are not trying to seek some kind of an advantage. They innocently were victims of this hysteric conspiracy. There's obviously one link in the chain removed from that. But they ask this court to remand the case to the BIA so that they can apply for 212K applications. And thank you. Thank you, counsel. We appreciate very much the arguments of both of you. And the case is submitted and we will stand adjourned. Thank you.
judges: Wallace, Graber, McKeown